2006 OK 56

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**David Thomas MARSH, Respondent.**

No. SCBD 5178.

Supreme Court of Oklahoma.

June 29, 2006.

¶0 **ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS AND IMPOSING COSTS.**

¶1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), emergency application for ruling on the record and application for an order approving the resignation of the respondent, David Thomas Marsh (Marsh/respondent), pending disciplinary proceedings, the application reveals:

1) On May 24, 2006, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subjected to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation. The respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date of filing.

3) The respondent states in his affidavit of resignation that he is aware of a formal complaint filed against him in this Court on March 31, 2006. The complaint contains ten counts. Eight of the counts involve the misuse of client funds, the forging of endorsements, the issuance of bad checks in settlement proceedings and allowing trust account balances to fall both below the amount of client funds deposited and into negative balances. The last two accounts relate to the respondent's issuance of bad checks to a Court Clerk and to other governmental agencies. The affidavit of resignation also acknowledges that a grievance has been filed against him by an employee for a bad check issued to cover the employee's salary. Rules 1.3, 1.4 and 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A; Rule 1.15, Rules of Professional Conduct, 5 O.S. Supp.2004, Ch. 1, App. 3–A and Rules 8.1 and 8.4, Rules of Professional Conduct, 5 O.S. 2001 Ch.1, App. 3–A.

4) The respondent waives any and all rights to contest the allegations.

5) An attorney, who is the subject of an investigation into, or a pending proceeding involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1–A. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.

6) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and it should be approved.

7) The official roster address of the respondent as shown by the Bar Association records is: 15 W. 6th St., Ste. 1701, Tulsa, Oklahoma 74119–5411.

**428**

8) The Bar Association has incurred costs of $846.43 which the respondent agrees to pay prior to the filing of any application for reinstatement.

9) The respondent acknowledges that: a) his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions prior to the filing of any application for reinstatement; and b) he has familiarized himself with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A with which he agrees to comply within twenty (20) days following the date of his resignation.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of David Thomas Marsh pending disciplinary proceedings be approved. Costs of the proceeding in the amount of $836.43 are imposed.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of David Thomas Marsh be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of reinstatement along with the payment of $836.43 as costs incurred in the disciplinary proceeding.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 29TH DAY OF JUNE, 2006.

ALL JUSTICES CONCUR.